UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DR. THEODORE E. DAVIS, JR.,

        Plaintiff,

                 Case # 15-CV-600-FPG

v.

                 DECISION AND ORDER

THE STATE UNIVERSITY OF
NEW YORK COLLEGE AT BUFFALO, et al.,

        Defendants.

## INTRODUCTION

Plaintiff Dr. Theodore E. Davis, Jr. ("Plaintiff") brings this action against the State University of New York College at Buffalo, Dr. Dennis K. Ponton, Dr. Rita M. Zientek, Dr. Michael J. Littman, Lynne M. Scalia, Dr. Benjamin D. Sackmary, and John L. Denisco (collectively, "Defendants") alleging violations of 42 U.S.C. §§ 1981, as amended, 1983, 1985(3), and 1986; the New York State Human Rights Law, Executive Law § 296; and Article I, Section 11 of the New York State Constitution, for, among other things, purported termination of his employment based on race, age, and gender and retaliation based on race and age. ECF No. 1-1 at 5. Presently before the Court is Defendants' motion to dismiss for lack of prosecution. ECF No. 21. For the following reasons, Defendants' motion is DENIED.

## BACKGROUND

Plaintiff filed his Complaint on June 3, 2015 in New York State Supreme Court, Erie County. *See* ECF No. 1 at 1, 3. Defendants removed the case to this Court on July 6, 2015. *Id.*; ECF No. 1-3 at 2; ECF No. 1-4. On July 24, 2015, Defendants filed their Answer. ECF No. 3. The Court then issued a Text Order referring the case to Hon. H. Kenneth Schroeder, Jr., United States Magistrate Judge, "for all pretrial matters excluding dispositive motions." ECF No. 4. On August

24, 2015, Judge Schroeder entered a Case Management Order directing that the parties complete discovery by September 1, 2016, and file dispositive motions by October 3, 2016. ECF No. 7 at 3.

On April 26, 2016, the parties filed a joint motion for an extension of time to complete discovery, requesting that several deadlines be extended, including the deadline to conduct fact depositions; the deadline to complete all discovery; and the deadline to file dispositive motions. ECF No. 10-2 at 2. In the joint motion, Plaintiff's counsel, Harvey P. Sanders, Esq. ("Sanders"), cited "uncontrollable logistical challenges created as a result of Plaintiff's Fullbright teaching scholarship in Swaziland, Africa" as the reason an extension was needed; but indicated that his Fullbright scholarship was "set to end on July 1, 2016." ECF No. 10-1 at 1-2. By Text Order dated April 27, 2016, Judge Schroeder granted the parties' extension request and, in accordance with the parties' request, ordered all fact depositions be conducted by September 2, 2016; discovery be completed by January 2, 2017; and dispositive motions be filed by March 3, 2017. ECF No. 13.

On August 23, 2016, the parties filed a second joint motion for an extension of time to complete discovery, seeking to extend the upcoming September 2, 2016 fact deposition deadline 120 days and "to adjust the remaining deadlines accordingly." ECF No. 12-1 at 1. Sanders asserted that the motion was made "with cause because of ongoing paper discovery and unforeseen issues in Plaintiff's ability to be deposed while out of the county on a Fullbright teaching scholarship in Swaziland, Africa" and that "Plaintiff ha[d] been out of this country since the issuance of the amended Case Management Order." *Id*. at 12-1 at 1-2. By Text Order dated August 23, 2016, Judge Schroeder granted the parties' second extension request and, in accordance with their proposed deadlines, set a discovery deadline of May 2, 2017, and a dispositive motion filing deadline of June 30, 2017. ECF No. 13.

By joint motion dated December 22, 2016, the parties again requested an extension of time to complete discovery. ECF No. 14. Sanders asserted that discovery "has hit a snag due to Plaintiff's continued employment under a Fulbright teaching scholarship in Swaziland, Africa and the delay his absence has caused for his deposition" and that "Plaintiff has been out of this country since the issuance of the most recent Case Management Order." ECF No. 14-1 at 2. On December 27, 2016, Judge Schroeder issued a Text Order granting the parties' third extension request, indicating that "[n]o further extensions will be granted." ECF No. 15. Judge Schroeder's December 27, 2016 Order set new deadlines as follows: September 1, 2017 for the completion of fact depositions; June 2, 2017 for the identification of Plaintiff's expert witnesses; June 30, 2017 for the identification of Defendants' expert witnesses; July 31, 2017 for the completion of expert depositions; September 1, 2017 for the completion of all discovery; and October 31, 2017 for the filing of dispositive motions. *Id.*

Despite Judge Schroeder's admonition, Plaintiff moved for another extension of time on July 28, 2017. ECF No. 16. Defendants did not join in this extension request as they had with the previous three. *See id.* In his declaration, Sanders asserted that although "it was anticipated that paper discovery would mostly be completed prior to Plaintiff's return from a Fullbright teaching scholarship in Swaziland, Africa that was expected to end in June 2017 and that depositions would take place between his return and the end of the discovery period[,] . . . [u]fortunately, that could not happen." ECF No. 16-1 at 1. Sanders informed the Court that Plaintiff's scholarship had been extended and he was still in Swaziland, Africa; the first telephone communication between Sanders and Plaintiff in over two months had occurred the week prior, during which Sanders learned that "Plaintiff will not be returning . . . until sometime toward the end of August or possibly even early September;" Plaintiff would be unable to attend the August 2, 2017 deposition Defendants had

noticed. *Id*. at 1-2. Furthermore, Sanders asserted that due to Plaintiff's absence Plaintiff had withheld serving written discovery demands upon Defendants and had been unable to fully respond to Defendants' written discovery demands. *Id*. at 2. Sanders cited issues communicating with Plaintiff as the cause for delay, asserting that "[t]his problem has been ongoing, making even the most basic e-mail communication sporadic at best (often a month or more passes before Plaintiff is able to access emails we send) and the uploading of documents impossible." *Id*. Plaintiff requested that the deadlines be extended as follows: October 31, 2017 for completion of all fact depositions and the completion of all discovery and January 2, 2018 for the filing of dispositive motions. ECF No. 16-2 at 2.

On August 1, 2017, Judge Schroeder issued a Text Order granting Plaintiff's extension request. ECF No. 17. In that Text Order, Judge Schroeder stated that "PLAINTIFF IS FOREWARNED THAT NO FURTHER EXTENSIONS WILL BE GRANTED AND THAT ANY FURTHER DELAY WILL INVITE CONSIDERATION OF A MOTION TO DISMISS FOR FAILURE TO PROSECUTE." *Id*.

On September 22, 2017, Defendants filed a motion to compel in which they noted the upcoming discovery deadline of October 31, 2017 and requested that Judge Schroeder "order Plaintiff to appear for his deposition and to respond to all outstanding written discovery, specifically including but not limited to, interrogatories." ECF No. 18-1 at 2. Judge Schroeder issued a Text Order on the motion on September 22, 2017, directing that Plaintiff file any response by October 13, 2017 and that Defendants reply by October 27, 2017, and that "NO EXTENSIONS WILL BE GRANTED." ECF No. 19.

Sanders filed a declaration in response to Defendants' motion to compel on October 13, 2017. ECF No. 20. Therein, Sanders asserted that it was "impossible" for Plaintiff to fully respond

to Defendants' interrogatories and appear for his deposition at that time because he was still in Swaziland, Africa. *Id.* at 1. Sanders further asserted that, although "[Plaintiff] anticipated returning first in June 2017, then in September 2017, his return has been delayed[,]" but that he was set to fly back to the United States on November 1, 2017. *Id.* at 1-2. Sanders attached images of Plaintiff's airline tickets, evidencing Plaintiff's expected arrival in the United States on November 2, 2017. ECF No. 20-1 at 2-3.

In addition, Sanders offered explanations for the further delays. He explained that Plaintiff had "identified a location where he could pay for office space and limited internet connectivity to do his deposition via" video conference, but that Defendants wanted to conduct the deposition in person. *Id.* at 1. He also explained that Plaintiff had been unable "to print, sign and scan and e-mail the verification page" on the interrogatories "owed to Defendants," but had offered to produce "unverified responses with the assurance that they had been verbally verified and the signed verification would follow upon Plaintiff's ability to print, sign and scan and e-mail the verification page." *Id.* at 1-2. Sanders requested that Judge Schroeder grant Plaintiff a 30-day extension of the October 31, 2017 deposition and discovery deadline. ECF No. 20 at 3.

On October 16, 2017, Defendants filed the instant motion to dismiss for lack of prosecution. ECF No. 21. On November 2, 2017, Defendants' attorney, New York State Assistant Attorney General Ryan Belka, filed a declaration in which he asserted that "Defendants continue to endure unreasonable delay and have been prejudiced as outlined in their Motion to Compel [Dkt. 18] and Motion to Dismiss for Failure to Prosecute [Dkt. 21]." ECF No. 22 at 2.

On November 3, 2017, Judge Schroeder issued a Text Order granting Defendants' motion to compel, ordering that "Plaintiff shall respond to interrogatories no later than November 24, 2017 and submit to deposition no later than December 22, 2017." ECF No. 23. Judge Schroeder further

ordered that "PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE RECOMMENDATION THAT DEFENDANTS' [21] MOTION TO DISMISS FOR FAILURE TO PROSECUTE BE GRANTED." *Id*.

Defendants moved for extensions of time to file a dispositive motion on December 27, 2017 and March 18, 2018. ECF Nos. 24, 26. Judge Schroeder granted each of these extensions. ECF Nos. 25, 28.

On April 18, 2018, Sanders filed a declaration in response to Defendants' motion to dismiss for lack of prosecution. ECF No. 28. Sanders asserted that Plaintiff had returned to the United States and had "fully complied" with Judge Schroeder's November 3, 2017 Text Order that set interrogatory deadlines on November 24, 2017 and deposition deadlines for December 22, 2017. ECF No. 29 at 1-2. Specifically, Sanders asserted that Plaintiff had served interrogatory responses on Defendants on November 20, 2017 and Defendants had deposed Plaintiff on December 21, 2017. *Id*. at 2. Sanders stated that "[b]ecause Plaintif complied with the deadlines set forth by [Judge Schroeder] following Defendants' motion to dismiss and because a summary judgment motion will likely be filed by Defendants on the merits of the case, Plaintiff respectfully requests Defendants' motion to dismiss for failure to prosecute be dismissed." *Id*.

On May 4, 2018, Defendants timely filed a motion for summary judgment within Judge Schroeder's extension deadline. ECF No. 32. That motion is now fully briefed and pending before the Court. *See* ECF Nos. 32, 38-39, 44.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." *Lewis v. Livingston Cty.*, 314 F.R.D. 77, 79 (W.D.N.Y. 2016) (citing Fed. R. Civ. P. 41(b)) (alterations in original). "Whether to grant a motion to dismiss for failure to prosecute is a matter committed to the

discretion of the district court," *id.* at 79, however, the Second Circuit has noted that "such dismissals are the harshest of sanctions" and "should be used only in extreme situations." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citations and internal quotation marks omitted). A reviewing court is required to weigh the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216 (citation omitted). No one factor is dispositive. *Id.*

### A. Duration

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration." *Lego A/S v. Best-Lock Constr. Toys, Inc.*, 319 F.R.D. 440, 447 (D. Conn. 2017) (quoting *U.S. ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 255 (2d Cir. 2004)).

"There is no fixed period time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citations omitted). In fact, delays of several months have been deemed sufficient to warrant dismissal, especially "when a party has become completely inaccessible." *Id.* at 630.

In this case, Plaintiff did, with Defendants' concurrence, obtain three extensions of time from Judge Schroeder—the third of which set a deadline of September 1, 2017 for the completion of all discovery. *See* ECF Nos. 10-16. Judge Schroeder's Order granting the third joint extension request stated that "[n]o further extensions would be granted." ECF No. 15. Up to that point, Plaintiff had not failed to comply with a court order and Defendants' had acquiesced to each extension Plaintiff sought.

Despite Judge Schroeder's admonition, Plaintiff sought an additional extension on July 28, 2017, citing the fact that he was still in Swaziland, Africa. "The [plaintiff's] absence from the jurisdiction does not constitute a valid excuse" for delay. *Dosunmu v. United States*, 361 F. Supp. 2d 93, 101 (S.D.N.Y. 2005) (citation omitted). Despite his direction that no further extensions would be granted, Judge Schroeder granted Plaintiff's extension request on August 1, 2017, warning Plaintiff that "NO FURTHER EXTENSIONS WILL BE GRANTED AND THAT ANY FURTHER DELAY WILL INVITE CONSIDERATION OF A MOTION TO DISMISS FOR FAILURE TO PROSECUTE." ECF No. 17. Judge Schroeder's August 1, 2017 Order set a discovery deadline of October 31, 2017. Plaintiff failed to comply with that Order and delays from October 31, 2017 forward are entirely attributable to Plaintiff.

Defendants filed a motion to compel and a motion to dismiss for lack of prosecution. ECF Nos. 18, 21. Judge Schroeder granted the motion to compel and again warned Plaintiff, this time stating that "PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE RECOMMENDATION THAT DEFENDANTS' [21] MOTION TO DISMISS FOR FAILURE TO PROSECUTE BE GRANTED." ECF No. 23. Judge Schroeder reset deadlines of November 24, 2017 for Plaintiff to respond to interrogatories and December 22, 2017 for Plaintiff to submit to a deposition. *Id*. Plaintiff complied with that Order, serving interrogatory responses on Defendants on November 20, 2017 and submitting to a deposition on December 21, 2017. *See* ECF No. 29 at 2.

Based on the above, the Court finds that delays from October 31, 2017 through December 21, 2017 are entirely attributable to Plaintiff. Before then, Defendants joined in the three extension requests—each of which Plaintiff timely sought and Judge Schroeder duly granted. However, these joint requests were entirely at Plaintiff's behest and for the invalid reason that Plaintiff was out of

the jurisdiction in Swaziland, Africa.[1] *See Maduakolam v. Columbia University*, 866 F.2d 53, 56 (2d Cir. 1989) ("[Plaintiff's] prolonged absence from the jurisdiction of the court does not provide a reasonable excuse for being dilatory.") Thus, the delays from the filing of this lawsuit on July 6, 2015 through October 31, 2017 are also attributable to Plaintiff. A plaintiff cannot file a lawsuit and then leave the country for months, or in this case, years, at a time while those sued are forced to endure in uncertainty.

Further, the Court finds that Plaintiff did not comply with two court orders. First, he failed to comply with Judge Schroeder's December 27, 2016 Order because he requested an extension after Judge Schroeder's directive that "[n]o further extensions would be granted." ECF Nos. 15, 16. Nor did he comply with the August 1, 2017 Order that directed all discovery to be completed by October 31, 2017. *See* ECF No. 17. Accordingly, the Court finds that because Plaintiff caused significant delays in this case and disobeyed two court orders, this factor weighs in favor of dismissal.

**B. Notice**

Plaintiff was on notice of the Court's discretion to dismiss the case for failure to prosecute. Judge Schroeder's August 1, 2017 Text Order warned Plaintiff "THAT NO FURTHER EXTENSIONS WILL BE GRANTED AND THAT ANY FURTHER DELAY WILL INVITE CONSIDERATION OF A MOTION TO DISMISS FOR FAILURE TO PROSECUTE." ECF No. 17. Additionally, Judge Schroeder's November 3, 2017 Text Order setting new deadlines warned that "PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE

---

[1] Defendants assert that Plaintiff has misled the Court and was only in Africa for his Fullbright Scholarship through July of 2016. ECF No. 21-1 at 11. However, a review of the Fullbright Scholarship Program website link Defendants provided shows that Plaintiff's program began in August 2015 and ended August 2017—thus corroborating Plaintiff's assertion that his scholarship program was ongoing at least through August of 2017. *See* Fullbright Scholarship Program: Theodore Davis, *available at* https://www.cies.org/ grantee/theodore-davis (last visited Sept. 26, 2018).

RECOMMENDATION THAT DEFENDANTS' [21] MOTION TO DISMISS FOR FAILURE TO PROSECUTE BE GRANTED." ECF No. 23. This factor therefore weighs in favor of dismissal.

### C. Prejudice to Defendants

Next, the Court must examine "whether defendants are likely to be prejudiced by further delay." *Lego A/*S, 319 F.R.D. at 452. Here, Defendants argue that they "are clearly prejudiced by Plaintiff's actions" because they "have been in limbo for two years with no real opportunity to exonerate themselves." ECF No. 21-1 at 9. Though "[p]rejudice may be presumed in certain circumstances," *Lego A/S*, 319 F.R.D. at 452, Defendants "have not pointed to any concrete way that they have suffered or will suffer prejudice," such as the likelihood that specifically identified evidence will be unavailable, *see Baptiste*, 768 F.3d at 218, but rather assert in general terms that they have been unable to exonerate themselves during the delay, *see* ECF No. 21-1 at 9. Absent a more concrete showing of prejudice, this factor is neutral at best and does not weigh in favor of dismissal.

### D. Balancing of Calendar Congestion Against Plaintiff's Interest

The fourth factor requires "compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Keitt v. Doe*, No. 11-CV-855A, 2013 WL 6328147, at *5 (W.D.N.Y. Dec. 5, 2013). Here, though the Court in no way condones the snail's pace at which this litigation has progressed, it "has not been presented with any 'compelling evidence' of the 'extreme effect' this action has had on the congestion of the Court's docket, and the Court is aware of none." *Lego A/S*, 319 F.R.D. at 453.

Furthermore, this is not a situation where denial would mean the Court were using its "resources to permit this case to languish on the docket in the hope that plaintiff will appear in the

future." *Lewis*, 314 F.R.D. at 81 (citation omitted). In the time since Defendants filed this motion, discovery has been completed and Defendants filed a motion for summary judgment that is now fully briefed. Accordingly, this factor weighs against dismissal.

### E. Lesser Sanctions

As stated above, a dispositive motion on the merits of the case is now pending and, therefore, "the district court has the means to move this case forward efficiently without the cudgel of extreme sanctions." *Baptiste*, 768 F.3d at 219. Therefore, because imposition of the "harshest of sanctions" is not necessary to move this case forward, this factor weighs against dismissal.

Though it is a close call, the Court finds that, on balance, the factors above do not weigh in favor of granting Defendants' motion to dismiss for lack of prosecution. The Second Circuit has cautioned that dismissal on such basis is "one of the harshest sanctions to be reserved for extreme circumstances," *Smalls v. County of Suffolk*, 718 Fed. App'x 16, 18 (2d Cir. 2017) (summary order) (citations and internal quotation omitted), and it is not warranted at this time. Nonetheless, Plaintiff is cautioned that, while his dilatory conduct and ongoing absenteeism do not merit dismissal at this juncture, he remains on the thinnest of ice and any future failures to prosecute this case may result in dismissal.

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss for lack of prosecution (ECF No. 21) is DENIED. The Court is aware of Defendants' pending motion for summary judgment (ECF No. 32) and will rule on that motion in due course.

IT IS SO ORDERED.

Dated: September 26, 2018
   Rochester, New York

         _____
         HON. FRANK P. GERACI, JR.
         Chief Judge
         United States District Court